**John R. GLENN**

v.

**The UNITED STATES.**

**No. 328–87C.**

United States Claims Court.

Dec. 10, 1987.

Brent R. Cromley, Billings, Mont., for plaintiff.

J. Keith Burt, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

### MEMORANDUM OF DECISION

HARKINS, Senior Judge:

On June 8, 1987, plaintiff filed a complaint to recover the sum of $66,570.32,

plus interest from July 25, 1984, in damages and withheld compensation arising under a contract with the Department of Health and Human Services, Indian Health Service, No. 244–83–0074. The contract was awarded October 14, 1983, and the work was at Wind River Indian Reservation, Wyoming. The complaint invoked the jurisdiction conferred in the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982), and in the Contract Disputes Act, 41 U.S.C. § 609 (1982).

The complaint included a final decision of the contracting officer, dated June 10, 1986, (received by the contractor on June 11, 1986) that supplemented a final decision which had been rendered by the contracting officer on March 29, 1985. The March 29, 1985, final decision was issued on the basis of plaintiff's request relating to monies withheld from progress payment No. 7 under the contract. The June 10, 1986, final decision recited that plaintiff had been directed to stop work on September 7, 1984, and that the Government had incurred costs to complete the work. The Government's computation of completion costs and liquidated damages totaled $88,398.05, of which $66,570.32 had been recouped through withholdings. The June 10, 1986, final decision demanded payment of the $21,827.73 which had not been recouped.

Defendant has requested and has received three enlargements of time to answer, totaling 134 days. The time enlargements were requested on the ground that time was needed to permit plaintiff to file a motion to transfer this case to the Armed Services Board of Contract Appeals, pursuant to 41 U.S.C. § 609 (1982).

On October 30, 1987, plaintiff filed a motion to transfer. The motion recites that the March 29, 1985, final decision of the contracting officer had been appealed to the ASBCA, and was pending as ASBCA No. 31260. Plaintiff, however, had failed to appeal to the ASBCA the June 10, 1986, final decision within the 90–day deadline. 41 U.S.C. § 606 (1982). As grounds for the motion to transfer, plaintiff stated that the complaint had been filed in this court to preserve the issues involved in the March 29, 1985, final decision on appeal, and with

the intent to consolidate the two appeals arising from the same contract.

Pursuant to orders, defendant has filed on November 18, 1987, and December 4, 1987, a response to the motion to transfer. Defendant supports plaintiff's motion to transfer, and asserts that the transfer is in the interest of justice and judicial efficiency. Defendant states that plaintiff was not required to submit a certified claim on the assessment of reprocurement costs and liquidated damages, and that the ASBCA has jurisdiction over plaintiff's claims by virtue of the June 10, 1986, final decision of the contracting officer.

Defendant reasons that, because the June 10, 1986, final decision is an assertion of a claim by the Government against the contractor, plaintiff was not required to certify a claim to recover the withheld payments. Defendant cites *Marley v. United States,* 423 F.2d 324, 191 Ct.Cl. 205 (1970). *Marley* is not apposite. It involved review of a board decision under Wunderlich Act standards, not an appeal of a contracting officer's final decision pursuant to the procedures provided by the Contract Disputes Act. In *Marley,* the Government asserted a counterclaim that involved a breach of contract that was beyond the scope of an administrative appeal.

The record does not contain any claim from plaintiff to the contracting officer with respect to either the March 29, 1985, or the June 10, 1986, final decisions. Defendant acknowledges that no certified claim has been submitted with respect to the $66,570.32 which plaintiff seeks to recover in this complaint.

For claims of more than $50,000, the Contract Disputes Act requires the contractor to certify to the contracting officer that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable. 41 U.S.C. § 605(c) (1982). A claim of over $50,000 is not a final claim and cannot be entertained in this court unless it has been certified. The fact that

the contracting officer has considered an uncertified claim on the merits and has issued a final decision, does not vitiate the requirement. A contracting officer has no authority to waive the requirement that the claim be properly certified. *See Skelly & Loy v. United States*, 685 F.2d 414, 231 Ct.Cl. 370 (1982); *W.H. Moseley Co. v. United States*, 677 F.2d 850, 230 Ct.Cl. 405 (1982); *Lehman v. United States*, 673 F.2d 352, 230 Ct.Cl. 11 (1982); *Troup Bros., Inc. v. United States*, 231 Ct.Cl. 707 (1982).

■ The Contract Disputes Act permits a contractor to appeal a final decision of the contracting officer to the agency board of contract appeals within 90 days of receipt of the contracting officer's decision (41 U.S.C. § 606), or to the Court of Claims within 12 months of the date of receipt of the contracting officer's decision (41 U.S.C. § 609(a)(3)). When there has been a failure to appeal the final decision within the 90–day deadline, it would distort the appeal procedure to permit the failure to be cured by an appeal to this court for the express purpose of a transfer to the agency board. Such a transfer would amount to a misuse of the structure erected in the Contract Disputes Act. *See W.M. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed.Cir. 1983). Accordingly,

IT IS ORDERED:

1. This court is without jurisdiction over plaintiff's claim.

2. Plaintiff's motion to transfer is DENIED.

3. The Clerk is directed to dismiss the complaint without prejudice. No costs.