John R. GLENN Plaintiff–Appellant,

v.

The UNITED STATES,
Defendant–Appellee.

No. 88–1230.

United States Court of Appeals,
Federal Circuit.

Oct. 13, 1988.

Brent R. Cromley, Moulton, Bellingham, Longo & Mather, P.C., Billings, Mont., for plaintiff-appellant.

J. Keith Burt, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Asst. Director.

Before MARKEY, Chief Judge, MICHEL, Circuit Judge, and BENNETT, Senior Circuit Judge.

## DECISION

MARKEY, Chief Judge.

The order of the United States Claims Court, 13 Cl.Ct. 784 (December 10, 1987), dismissing John R. Glenn's (Glenn's) claim for lack of jurisdiction and denying his motion to transfer, is vacated and the case is remanded with instructions to transfer.

## BACKGROUND

### The Facts

Though the record is sparse, the parties agree on the facts. Glenn filed a claim with the Contracting Officer (CO) to recover $31,500 alleged to have been wrongfully withheld from him in connection with construction contract number 244–83–0074. The Government had withheld those funds to cover reprocurement costs and liquidated damages arising out of Glenn's asserted failure to perform the work correctly. Glenn's claim for the withheld $31,500 was not required to be and was not certified because it was for less than $50,000. See 41 U.S.C. § 605(c)(1) (1982).

On March 29, 1985, the contracting officer issued a final decision denying Glenn's claim ("the liability decision"). That decision also stated:

[A]s indicated above, the Government has incurred costs in excess of the estimates ... to complete the contract and to correct your [Glenn's] defective work. Therefore the Government will continue to withhold payment of this amount from the progress payment #7 in order to protect the Government's interests.

In addition, ... you will be held liable for the excess costs referred to above and any other damages which the Government has incurred. The extent of your liability will be the subject of another Final Decision letter.

The letter concluded with a paragraph detailing Glenn's avenue of appeal:

This decision may be appealed to the Armed Services Board of Contract Ap-

peals.... If you decide to make such an appeal, you must mail or otherwise furnish written notices thereof to the Board of Contract Appeals within 90 days from the date you receive this decision.... Instead of appealing to the Board of Contract Appeals, you may bring an action directly to the U.S. Court of Claims [sic] within twelve months of the date you receive this decision.

Glenn timely appealed the liability decision to the Armed Services Board of Contract Appeals (board) (Appeal No. 31260). That appeal is pending.

On June 10, 1986, the CO issued a second final decision ("the quantum decision") quantifying the total amount owed by Glenn at $88,398.05—$66,648.05 for the government's reprocurement costs and $21,750 for liquidated damages. Subtracting the $31,500 previously withheld and an additional $35,070.32 owed Glenn on an unrelated contract, the quantum decision stated that Glenn "should submit a check in the amount of $21,827.73" ($88,398.05 less $66,570.32).

In the board proceeding on Glenn's appeal of the liability decision, Administrative Judge Lane prepared a December 24, 1986 memorandum detailing a telephone conference he held with the parties on December 19, 1986. The memorandum indicated that Glenn had brought the quantum decision to the board's attention, but did so more than 90 days after the final date of that quantum decision, causing "some doubt" about the board's jurisdiction over the quantum decision. Intending "to save the time and expense of further argument and decision by the Board on the jurisdictional question," Administrative Judge Lane suggested that Glenn "consider filing an appeal from the [CO's] June 1986 final [quantum] decision to the U.S. Claims Court with a simultaneous request for transfer of the case to this Board under section 10(d) of the Contract Disputes Act, 41 U.S.C. 609(d)." "The purpose of doing so would be to cure any possible jurisdictional defect from the appellant's failure to appeal the June final [quantum] decision to this Board within the 90–day deadline."

### Glenn's Appeal to the Claims Court

On June 4, 1987, Glenn timely appealed the quantum decision to the Claims Court. His complaint noted the quantum decision "withholding payment from [Glenn] ... in the amount of $66,570.32 (the setoff)" and "claiming damages against [him] in the amount of $21,827.73." Glenn sought: (1) recovery of the $66,570.32 withheld plus interest; (2) declaration that "all claims of the United States against [him] be declared null and void;" (3) recovery of "damages, interest, penalties and costs" to which he is entitled; and (4) "such other and further relief as may be appropriate under the circumstances." On October 30, 1987, Glenn moved for transfer from the Claims Court to the board. See 41 U.S.C. § 609(d) (1982).[1] That motion was unopposed.

Characterizing Glenn's claim as one for $66,570.32, and noting that the Contract Disputes Act requires the contractor to certify claims for more than $50,000, the Claims Court *sua sponte* held that it was without jurisdiction over Glenn's complaint. The court denied Glenn's motion to transfer because "[w]hen there has been a failure to appeal the final decision within the 90–day deadline, it would distort the appeal procedure to permit the failure to be cured by an appeal to this court for the express purpose of a transfer to the agency board."

### ISSUE

(1) Whether the Claims Court erred in dismissing Glenn's complaint for failure to certify his claim.

(2) Whether Glenn's motion to transfer should have been granted.

---

1. Section 609(d) reads:
   If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Claims Court may order the consolidation of such suits in that court, or transfer any suits to or among the agency boards involved.

## OPINION

### Introduction

Administrative Judge Lane's hope of saving time and expense, by declining to decide whether the board had jurisdiction over the quantum decision, has obviously been frustrated by subsequent events. Experience with the circuitous route suggested here would argue against its repetition.

### (1) Claims Court Jurisdiction

■ In characterizing Glenn's claim, the Claims Court wrongly focused on the $66,-570.32 prayed for in the complaint, rather than on the original claim for $31,500 made to the CO.[2] As this court made clear in *Tecom, Inc. v. United States,* 732 F.2d 935, 937 (Fed.Cir.1984), "[b]y the statutory terms [of 41 U.S.C. § 605(c) (1982)], the certification requirement applies to submission of claims to the *contracting officer;* certification at that time, if required, is all important." (Emphasis in original.) "It would be most disruptive of normal litigation procedure if any increase in the amount of a claim based on matters developed in litigation before the court [or board] had to be submitted to the contracting officer before the court [or board] could continue to final resolution on the claim." *Id.* at 937–38 (quoting *J.F. Shea Co. v. United States,* 4 Cl.Ct. 46, 54 (1983) (parentheticals in *Tecom* ). Because Glenn was not required to certify his $31,500 claim before the CO, he need not have certified the $66,570.32 resulting from the denial of his initial claim in the CO's liability decision and additional setoffs determined in the quantum decision. *See Tecom,* 732 F.2d at 937–38. Thus the Claims Court erred in dismissing Glenn's complaint for lack of jurisdiction on the ground that he had failed to certify his claim.[3]

### (2) Transfer

■ We agree with the parties that the question controlling the board's jurisdiction is whether the quantum decision supplemented in whole or in part the CO's liability decision that Glenn was liable for reprocurement costs and liquidated damages.

If the quantum decision did not raise any new claims distinguishable from the claim decided by the liability decision and therefore did not raise any separately appealable claims (i.e., if the quantum decision merely supplemented the liability decision), then there is but one claim and one decision. That claim and decision being before the board, the Election Doctrine would require that the Claims Court dismiss Glenn's present appeal. *See National Neighbors,* 839 F.2d at 1542 (contractor precluded by Contract Disputes Act from pursuing claim in both Board and Claims Court) (citing *Tuttle/White Constructors, Inc. v. United States,* 656 F.2d 644, 649 (Ct.Cl.1981). Glenn's entire claim would be heard in the pending appeal before the board, Glenn having timely appealed, in effect, his entire claim to that tribunal as his elected forum.

If the quantum decision was entirely distinct, or raised some independently appealable claims, those claims would normally be heard by the Claims Court, or be transferred to the board, at the Claims Court's election, pursuant to section 609(d), Glenn having elected the Claims Court as the appellate forum for such claims. *See id.* 839 F.2d at 1541 (well established that contractor may appeal CO's adverse final decision to either the appropriate board of contract appeals or the Claims Court).

---

2. Because Glenn was not required to certify his claim, we need not and therefore do not discuss whether the quantum decision was a claim by the government, from the allowance of which Glenn could have appealed to the Claims Court.

3. The Government speculates in its brief that "[t]he Claims Court dismissed Mr. Glenn's claim challenging [the $88,398.05] assessment, apparently reasoning that Mr. Glenn's untimely appeal of the June 10, 1986 [quantum] decision to the ASBCA was an election of forum, and, there-fore, under the election doctrine, the Claims Court was without jurisdiction over a subsequent appeal of the same final decision." *See National Neighbors, Inc. v. United States,* 839 F.2d 1539 (Fed.Cir.1988) (rejecting theory that attempt to appeal to Board of Contract Appeals, where the Board could not exercise jurisdiction, constituted binding election of forum). The parties state (and it is uncontradicted in the record) that Glenn never attempted to appeal the quantum decision to the board.

We emphasize that Glenn appealed the liability decision in this case, the quantum decision was issued during the pendency of that appeal, and consolidation is therefore possible and appropriate. We need not and therefore do not discuss a situation in which a contractor fails to appeal from a liability decision but does appeal from a quantum decision. We leave that discussion for another day. *Cf. Z.A.N. Co. v. United States*, 6 Cl.Ct. 298, 306–07 (1984) (court could hear issues unique to 1980 decision on quantum of contractor's liability even though 1979 decision finding contractor in default was final and unreviewable).

It is the board's responsibility, in the first instance, to determine its own jurisdiction. In doing so, it must, as above indicated, determine as a matter of fact whether the quantum decision supplemented the liability decision. If it did, the board had jurisdiction over both the liability and quantum decisions, notwithstanding Glenn's failure to separately appeal the latter within 90 days, Glenn's appeal of the former being viewed as incorporating the latter. If the board determines that the quantum decision did not supplement the liability decision, the board should nonetheless, in this particular and unusual case, consolidate the two appeals and proceed to review the liability decision, and (if it does not reverse the liability decision) the quantum decision, the former under its appellate jurisdiction, the latter under the aegis of a transfer for convenience of the parties under section 609(d).[4]

Thus, the unique circumstances of this case require that the Claims Court's order be vacated and the case be remanded to the Claims Court with instructions to transfer Glenn's appeal to the board, for consolidation with the appeal pending before that tribunal. That action will avoid the necessity of two tribunals concurrently deciding appeals on interrelated issues and the possibility of inconsistent decisions.

We disagree with the Claims Court's view that a transfer here would "distort the appeal procedure" "erected in the Contract Disputes Act." Section 609(d) applies broadly to all suits in the Claims Court and agency boards. The Claims Court's reasoning would without authority read a 90 day limit into that section—that is, no case could be transferred to and consolidated before the board (whatever the circumstances) if the contractor had appealed to the Claims Court more than 90 days after receiving notice of the CO's decision. In our view, section 609(d) is not so limited, and Glenn's motion to transfer should have been granted.

## COSTS

Each party to pay its own costs.

## CONCLUSION

The Claims Court's order dismissing Glenn's complaint for lack of jurisdiction is vacated and the case is remanded with instructions to transfer Glenn's suit to the board.

**VACATED AND REMANDED WITH INSTRUCTIONS TO TRANSFER.**

---

**4.** Both parties desire that the appeal to the Claims Court be transferred to the board.