**25 NEW CHARDON STREET LIMITED PARTNERSHIP, S. Lawrence Schlager, General Partner**

v.

**The UNITED STATES.**

No. 392–89C.

United States Claims Court.

Jan. 8, 1990.

Alvin S. Nathanson, Boston, Mass., attorney of record, for plaintiff. Nathanson & Goldberg, of counsel.

Margaret Lee Baskette, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson. Mark Ezersky, U.S. Postal Service, of counsel.

## OPINION

MEROW, Judge.

### Facts

Plaintiff is the lessor of the premises located at 25 New Chardon Street, Boston,

Massachusetts. The United States Postal Service (Postal Service) is the lessee.

By letter dated May 3, 1989, plaintiff submitted the following to the Postal Service concerning its lease agreement (in part):

It is our position that the Lessor is only obligated under the subject Lease to furnish heat and electricity to the subject premises during normal business hours and the furnishing, at your request or direction, of heat and electricity beyond normal business hours constitutes a change or an extra for which we are entitled to an equitable adjustment.

.   \*   \*   \*   \*   \*   \*

Therefore, pursuant to the terms of the Contract Disputes Act of 1978, 41 U.S.C. 601, we hereby submit a claim to you for a contract interpretation and for money damages representing the amount of heat and electricity paid for by us during the term of the Lease, which amount constitutes the amount paid or to be paid over and above normal business hours by the Lessor along with the additional wear and tear on our equipment. We request a contract interpretation that the obligation of the Lessee under this Lease was to pay for any and all heat and electricity furnished beyond normal business hours, and we request reimbursement for all such monies paid or to be paid by us for the same. It is our belief that the monetary amount of this claim will and does exceed the sum of $50,000.00. Consequently, we hereby request that you issue a final contracting officer's decision in this matter.

I hereby certify to you that the claim made is submitted in good faith, that the supporting data are accurate and complete to the best of our knowledge and belief, and accurately reflect the amount of the contract adjustment to which the Lessor is entitled. Under the Contract Disputes Act of 1978, and in accordance with 41 U.S.C. 605, we expect your final decision as the contracting officer within sixty (60) days receipt of this claim.

The Postal Service responded to plaintiff's May 3, 1989 submission by a letter dated June 23, 1989, as follows (in part):

Since, the only interpretation of the language of Paragraph 6, is that of its plain meaning which in no way expressly or impliedly limits postal operation but rather supports it, your request for a favorable interpretation and for money damages flowing from this expansive interpretation of yours, is denied in full.

This is the Contracting Officer's Final Decision. Pursuant to the Contract Disputes Act of 1978 and clause 25 of the General Conditions to Form 7400 of your contract entitled *Claims and Disputes,* you may appeal this decision to the Postal Service Board of Contract Appeals. If you decide to appeal, mail or otherwise furnish written notice (preferably in triplicate) to the Contracting Officer within ninety days from the date you receive this Decision and indicate that an appeal is intended. Instead of appealing to the Board of Contract Appeals, you may bring action directly in the U.S. Claims Court within twelve months from the date you receive this decision. A copy of the Rules of Practice before the Postal Service Board of Contract Appeals is enclosed hereto.

Plaintiff filed its complaint in this matter on July 13, 1989, seeking relief as follows:

a. That this Court set aside the final decision of the contracting officer and issue a judgment against defendant that the defendant is liable to the plaintiff for the cost of the heat and electricity for air-conditioning paid and to be paid for by plaintiff over and beyond said normal and usual working hours under the subject Lease, as amended; and that this Court assess damages for the same and enter a judgment against the defendant for the amount of the same, together with interest thereon;

b. That the Court enter a judgment against the defendant awarding plaintiff an equitable adjustment for the same;

c. For such other and further relief as may be deem[ed] just and appropriate by this Court.

Defendant moves to dismiss the complaint, asserting that plaintiff's submission to the contracting officer did not constitute a properly certified claim as required by the Contract Disputes Act (CDA). Plaintiff opposes dismissal.

### Discussion

In its submission to the contracting officer, plaintiff requested that the contracting officer adopt its interpretation of the lease provisions and pay additional sums representing plaintiff's costs for the heat and air-conditioning provided beyond normal working hours. Plaintiff did not submit the amount of these costs it had incurred or any basis upon which the contracting officer could compute the amount involved. Plaintiff states only "our belief that the monetary amount of this claim will and does exceed the sum of $50,000.00." The question raised by defendant's motion and plaintiff's opposition is whether this submission by plaintiff fulfills the mandatory CDA prerequisites to Claims Court jurisdiction over the matter.

The CDA provides that a claim must be in writing and submitted to the contracting officer for a decision. 41 U.S.C. § 605(a). For claims over $50,000 the contractor

> shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

41 U.S.C. § 605(c)(1). Lack of a proper certification deprives the contracting officer and the Claims Court of jurisdiction to proceed on the claim. *Tecom, Inc. v. United States,* 732 F.2d 935, 937 (Fed.Cir.1984); *W.M. Schlosser Co. v. United States,* 705 F.2d 1336, 1338–39 (Fed.Cir.1983); *United States v. Johnson Controls, Inc.,* 713 F.2d 1541, 1556–57 (Fed.Cir.1983).

The purpose of certification is to discourage unwarranted claims and to encourage prompt settlements. *Fidelity Constr. Co.*

*v. United States,* 700 F.2d 1379, 1384 (Fed. Cir.1983); *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. 11, 15, 673 F.2d 352, 355 (1982). To fulfill this purpose, the submission to the contracting officer must include the amount claimed or some method or supporting material by which the total amount then claimed to be involved can be ascertained. *Contract Cleaning Maintenance, Inc. v. United States,* 811 F.2d 586, 592 (Fed.Cir.1987); *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1394 (Fed.Cir.1987); *United States v. General Electric Corp.,* 727 F.2d 1567, 1569 (Fed. Cir.1984); *Hoffman Const. Co. v. United States,* 7 Cl.Ct. 518, 529 (1985).

Withholding available amounts from the submission to the contracting officer is equivalent to understating the claim such as to constitute an evasion of the CDA certification requirement. *Tecom v. United States,* 732 F.2d 935, 938, n. 2 (Fed.Cir. 1984).

In the instant case, liability and quantum constitute one claim. *Glenn v. United States,* 858 F.2d 1577, 1580 (Fed.Cir.1988). Both these aspects of the heat and air-conditioning claim must be presented to the contracting officer with certification addressed to the quantum, not to plaintiff's legal theory. *United States v. General Elec. Corp., supra.*

Accordingly, the submission by plaintiff to the contracting officer did not comply with the CDA as it included only a portion of the claim, eliminating the remaining portion (quantum) to which the CDA certification requirement is essentially addressed. This lack of CDA compliance invalidates the decision of the contracting officer. *W.M. Schlosser v. United States, supra.* A valid contracting officer's decision is a prerequisite for Claims Court jurisdiction over a claim under the CDA. *Paragon Energy Corp. v. United States,* 227 Ct.Cl. 176, 645 F.2d 966 (1981). Thus, the present claim must be dismissed for lack of subject matter jurisdiction.[1]

---

1. It is recognized that: under the CDA a contracting officer's decision may encompass only the matter of liability; that such a decision may be appealed to a board of contract appeals; and that judicial review of a board decision on the question of liability only may be obtained in the

This result is also compelled by the doctrine of exhaustion of administrative remedies. Even when the disputes resolution process under government contracts lacked a statutory basis, exhaustion of agreed procedures was required with respect to presenting claims to the contracting officer. *United States v. Blair,* 321 U.S. 730, 735–36, 64 S.Ct. 820, 822–23, 88 L.Ed. 1039 (1944). Administrative exhaustion is required so that an agency may function efficiently and have an opportunity to correct its errors prior to litigation. *See McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975). The CDA procedure requires complete claim submissions to the contracting officer. Previously stated amounts may be amended as a result of the litigation process, *Tecom v. United States, supra,* but there must initially be a good faith submission of the amounts then believed to be owed by the government. *See also Santa Fe Engineers v. United States,* 818 F.2d 856, 858 (Fed.Cir.1987). Requiring exhaustion of this initial administrative step in the resolution process will serve to discourage unwarranted claims and encourage prompt settlements, fully consistent with the purpose for CDA certification.

*Conclusion*

For the foregoing reasons, it is concluded that, as plaintiff's claim to the contracting officer did not comply with the CDA, the resulting decision lacks validity and, absent a valid decision by the contracting officer, the Claims Court lacks subject matter jurisdiction. Thus, it is ORDERED that final judgment be entered dismissing the complaint without prejudice, with no costs to be assessed.

United States Court of Appeals for the Federal Circuit. *Dewey Electronics Corp. v. United States,* 803 F.2d 650 (Fed.Cir.1986); *Teller Envtl. Systems, Inc. v. United States,* 802 F.2d 1385 (Fed.Cir.1986). By contrast, these decisions note that, under the CDA, Claims Court direct access jurisdiction is not premised upon the scope of the contracting officer's decision as is the case with respect to a board of contract appeals, but 41 U.S.C. § 609 authorizes an "action directly on the claim in the United States Claims Court * * *." *See Teller Envtl. Systems, Inc. v. United States, supra,* 802 F.2d at 1389, n.5; *Dewey Electronics Corp. v. United States, supra,* 803 F.2d at 655, n.7. Thus, assuming a proper CDA claim submission to the contracting officer (liability and quantum), even if the contracting officer's resulting decision was then limited to the question of liability, an ensuing Claims Court direct action under 41 U.S.C. § 609 would present the full claim (liability and quantum) to the court for resolution. While Claims Court procedure (RUSCC 42(c)) then permits a separate determination of liability when so ordered, any appeal from the Claims Court to the Federal Circuit requires a final judgment, 28 U.S.C. § 1295(a)(3), which usually must encompass both liability and quantum. *Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976).