**CENTURY CONSTRUCTION COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–539C.**

United States Claims Court.

Nov. 20, 1990.

Thomas W. Hayton, Seattle, Wash., Atty. of Record, for plaintiff. Ferguson & Burdell, of counsel.

George M. Beasley, III, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. David M. Cohen, Director, and Abigail Dunning, of counsel.

## OPINION

FUTEY, Judge:

This government contract case is before the court on defendant's motion for partial dismissal of plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff is a prime contractor who contracted with the United States to build a medical and dental clinic at Eielson Air Force Base, Fairbanks, Alaska. Plaintiff seeks an equitable adjustment on behalf of itself and other subcontractors for encountered delays allegedly caused by defective contract specifications and defendant's purported breach of its implied duty to cooperate. In its motion, defendant asserts that the certification of one of plaintiff's claims was defective because plaintiff did not certify that it

believed the government to be liable for the amount requested by the claim. Plaintiff contends that the certification language in dispute "substantially complies" with the requirements set forth in the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601–613 (1988).

## FACTUAL BACKGROUND

On February 28, 1984, the United States Army Corps of Engineers, Alaska District (defendant), awarded Century Construction Co. (Century) a $13,654,000.00 contract for the construction of a new medical and dental clinic at Eielson Air Force Base, Fairbanks, Alaska. The Notice to Proceed was issued on March 12, 1984, and the original contract completion date was June 20, 1986.

Century encountered numerous difficulties during construction of the interior room layout of the clinic. The difficulties were apparently caused by missing or incorrect dimensions in the contract plans. These alleged dimensional discrepancies caused conflicts between interior partition walls, doorways, structural members, as well as mechanical and electric features. Century notified the government of the difficulties encountered through a series of "Request For Information" letters which identified perceived errors and admissions in the contract specifications and drawings.

By letter of April 30, 1986, Century submitted a claim to the contracting officer (CO) on behalf of subcontractor Cree Construction Co. (Cree Claim). Century later submitted a second claim to the CO on behalf of itself and certain other subcon-

tractors on January 27, 1989 (Century claim). Both claims requested an equitable adjustment in the contract price from the government.[1] The Cree claim contained the following certification language:

> Century Construction hereby certifies that the foregoing claim is made in good faith, that the supporting data are accurate and complete to the best of our knowledge and belief, and that the amount of the claim requested accurately reflects the contract adjustment for which the *subcontractor* believes the Government is liable. [Emphasis added.]

The certification was signed Jerome O. Cohen, president of Century. In addition, the Cree claim was accompanied by a separate certification executed by Cree Construction Co. (Cree Co.).[2] The Cree Co. certification contained language identical to the Century certification and was signed by the company president, William A. Cree. On June 21, 1989, plaintiff received an adverse CO's final decision on the Century claim.[3] The CO denied the Cree claim by final decision of August 29, 1989.

Plaintiff timely filed its complaint before this court on July 18, 1990. On August 17, 1990, defendant moved to dismiss a portion of plaintiff's complaint containing the Cree claim for lack of jurisdiction and to stay pretrial proceedings. On September 7, 1990, the court suspended proceedings in the case pending resolution of defendant's motion. Plaintiff filed an opposition to defendant's motion on September 21, 1990, and defendant filed a reply on October 23, 1990.

---

1. The claims predicated entitlement to an equitable adjustment on delays allegedly caused by the contract drawings and specifications prepared by defendant. Century Construction Co. (Century) also conditions a price adjustment on defendant's "inefficient and tardy responses to the RFI's." The Cree Construction Co. claim (Cree claim) requested a $259,000.00 equitable adjustment in the contract price and the Century claim sought an adjustment of $1,209,964.00.

2. The Cree Co. certification, contained in a January 17, 1986 letter to Century, was forwarded to the contracting officer (CO) with the Cree claim.

3. The Century claim contained the following certification:

> The claim is made in good faith, the supporting data are accurate and complete to the best of our knowledge and belief and the amount requested accurately reflects the contract adjustment for which we believe the government is liable.

The certification in support of the Century claim was also executed by Jerome O. Cohen. Defendant does not contest the validity of the certification of the Century claim. The court finds, *sua sponte*, that the Century claim was properly certified in accordance with the requirements of the Contract Disputes Act (CDA), 41 U.S.C. §§ 601–613 (1988).

## DISCUSSION

The issue in the present case involves the adequacy of the certifying language of the Cree claim. The CDA requires that all contractor claims against the government "relating to a contract" be submitted in writing to the contracting officer. 41 U.S.C. § 605(a) (1988). Section 605(c)(1) of the CDA provides:

> For claims of more than $50,000.00, the contractor shall certify that [1] the claim is made in good faith, [2] that the supporting data are adequate and complete to the best of his knowledge and belief, and [3] that the amount accurately reflects the contract adjustment for which the contractor believes the government is liable. [Numbering added.]

A contractor's submission of a properly certified claim is a jurisdictional prerequisite for review by the court of a claim exceeding $50,000.00. *Ball, Ball & Brosamer, Inc. v. United States*, 878 F.2d 1426 (Fed.Cir.1989). A CO's final decision on a claim containing defective certification language is rendered a legal nullity. *Paragon Energy Corp. v. United States,* 227 Ct.Cl. 176, 645 F.2d 966 (1981). If the alleged claim is defective, it must be corrected and resubmitted before the jurisdiction of this court can be invoked. *T.J.D. Servs., Inc. v. United States*, 6 Cl.Ct. 257, 262 (1984).

A contractor's certification must simultaneously recite all three assertions required by the CDA. *W.H. Moseley Co. v. United States*, 230 Ct.Cl. 405, 677 F.2d 850, *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982). In order to properly certify a claim, a contractor need not "parrot" the CDA certification language. *Aeronetics Div. v. United States*, 12 Cl.Ct. 132 (1987). In *United States v. General Electric Co.*, 727 F.2d 1567 (Fed.Cir.1984), the contractor certified that its claim was made in good faith and that the supporting data was accurate and complete to the best of the signer's knowledge and belief. The government contended that the certification was defective without the phrase, "the amount requested accurately reflects the contract adjustments for which the contractor believes the government is liable." The Federal Circuit rejected the government's position as overly formalistic, and held that the claim, coupled with the supporting documents, substantially complied with CDA requirements. *Id.* at 1569. In accord with *General Electric*, the court may assert jurisdiction over claims in substantial compliance with CDA certification requirements. *Cox Constr. Co. v. United States*, 21 Cl.Ct. 98 (1990).

It is undisputed that the Cree claim was certified by a Century officer who had "overall responsibility for the conduct of the contractor's affairs." FAR 33.207; 48 C.F.R. § 33.207 (1988). Moreover, there is no question that the certification satisfied the first two requirements set forth in 41 U.S.C. § 605(c)(1). The court must, therefore, determine whether, in articulating the third certification requirement, Century's substitution of the word "subcontractor" for "contractor" rendered the certification defective.

Absent privity of contract with the government, a prime contractor must certify the claims of its subcontractor for the court to exercise jurisdiction over an appeal from a CO final decision. *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1557 (Fed.Cir.1983). The CDA requires prime contractor sponsorship and certification of subcontractor claims to discourage the submission of unwarranted claims. For certification purposes, the prime contractor need not believe the subcontractor's claim to be certain. Rather, the prime contractor need only believe that there is good ground for the claim. *United States v. Turner Constr. Co.*, 827 F.2d 1554, 1561 (Fed.Cir.1987). The CDA, therefore, requires a prime contractor to provide "minimum assurances" of its own belief in a subcontractor claim. *See Cox Constr. Co. v. United States*, ASBCA No. 31072–150, 85–3 BCA ¶ 18,507, 1985 WL17158 (1985).

A prime contractor may not rely on a subcontractor's certification when certifying a claim. *Webb Mechanical Enterprises, Inc.*, ASBCA No. 39828, 90–2 BCA ¶ 22,928, 1990 WL 57588 (1990). By certifying that "the amount of the claim requested accurately reflects the contract ad-

justment for which the *subcontractor* believes the government is liable," Century failed to provide the requisite assurances of the legitimacy of the Cree claim. The claim certification essentially stated that Cree, not Century, believed the government to be liable for the full claim amount. The certification, therefore, fails to meet the CDA requirement that the contractor, not the subcontractor, certify that there is good ground for the amount claimed by the subcontractor.[4] *Turner*, 827 F.2d at 1561.

In *Sierra Blanca, Inc.*, ASBCA No. 30910, 85–3 BCA ¶ 18,440, 1985 WL 17056 (1985), corrected, 86–1 BCA ¶ 18,561, 1985 WL 17215 (1985), the Armed Services Board dismissed a contractor's claim brought on behalf of a subcontractor which contained certification language nearly identical to the claim presently before the court.[5] In determining the certification to be defective, the Board noted:

> Appellant, as a prime contractor, makes the claim of its subcontractor its own for purposes of certification and accordingly, it and not its subcontractor must certify the claim.

85–3 BCA ¶ 18,440 at 92,653.

In accord with *Sierra Blanca*, Century's failure to certify that the amount requested accurately reflects the adjustment for which Century believed the government to be liable rendered the certification inadequate.[6]

**4.** Plaintiff places much weight behind the fact that the Cree claim was accompanied by Cree Co.'s own certification as well as the Century certification. Under the CDA, a contractor sponsoring a subcontractor's claim may not base its certification on a subcontractor certification, since the subcontractor is not authorized to certify the claim. 41 U.S.C. § 605(c)(2); *Cox Constr. Co.*, 85–3 BCA ¶ 18,507 at 92,946. Plaintiff can, therefore, not use the Cree certification to validate an otherwise defective certification.

**5.** The certification submitted by the contractor in *Sierra Blanca* was signed by the company president and stated:

> I certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief; and that the amount requested accurately reflects the contract adjustment for

The court recognizes the considerable time and resources involved in remedying certification deficiencies. However, the proper certification of a claim is a jurisdictional prerequisite which cannot be waived. *Glenn v. United States*, 13 Cl.Ct. 784 (1987). To decide otherwise would encourage the submission of unwarranted claims and thereby frustrate the purpose behind the CDA certification requirement.

### CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss the portion of plaintiff's complaint containing the Cree claim, without prejudice, for lack of jurisdiction.

The parties shall file a joint status report within 45 days, indicating further proceedings in this case.

which the Subcontractor believes the government is liable.
85–3 BCA ¶ 18,440 at 92,653.

**6.** Plaintiff contends that, "as the total absence of certification of the third prong was not fatal in the Court's view in *General Electric*, the addition of the language included by Century surely does not place the Cree claim in an inferior position." Plaintiff's argument misconstrues the "substantial compliance" doctrine set forth in *General Electric*. The court in *General Electric* found that the absence of the third CDA certification requirement was not fatal to the contractor's appeal because the documents accompanying the certification demonstrated substantial compliance with the statutory requirements. Unlike *General Electric*, plaintiff provides no evidence suggesting that the supporting documents of the Cree claim contained the substantial equivalent of the third CDA requirement.