**TECOM, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 83–1250.**

United States Court of Appeals, Federal Circuit.

April 24, 1984.

Robert E. Howell, Austin, Tex., argued for appellant.

Helene M. Goldberg, Washington, D.C., argued for appellee. With her on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Washington, D.C.

Before DAVIS, SMITH and NIES, Circuit Judges.

DAVIS, Circuit Judge.

The Armed Services Board of Contract Appeals (ASBCA or Board) determined that appellant Tecom, Inc. (Tecom) implicitly suffered a change (under the Changes article of its contract with the Government) but is not entitled to an equitable adjustment because it failed to show that that change increased its contract costs. Appellant contends that the latter holding is wrong. The Government says that we lack jurisdiction over the appeal, and, in any event, that the ASBCA must be upheld on the merits. We hold that we have jurisdiction and affirm.

### I

In September 1980 the United States (acting through the Air Force) awarded Tecom a fixed-price contract for vehicle maintenance, operation and transportation at Sheppard Air Force Base, Texas. The agreement was for one year, with two successive one-year options (on the part of the Government) for extensions. The contract covered all vehicle operations and maintenance at the base. One of the important aspects was transportation service of personnel between the base and the nearby Municipal Airport. Appellant expected to fulfill that particular service through the use of on-call taxis which it would have available for the general use of the servicemen and other base personnel. After the contract was awarded and shortly before performance was to begin, the contracting officer directed Tecom to have available and use a regular airport shuttle bus for the airport route. Complying with that requirement, appellant claimed that this was a change in the original contract (within the Changes article) calling for an equitable adjustment in the contract price. The contracting officer rejected that claim and Tecom appealed to the ASBCA. That tribunal decided that (1) there had been such a change within the Changes article, but (2) appellant had not shown any increase in costs entitling it to an equitable adjustment. Tecom seeks review in this court of the latter finding.

Before us there is no dispute as to the Board's decision that there had been a change governed by the Changes clause. The controversy on the merits of the ASBCA determination solely concerns its holding as to lack of proof of a cost increase. Appellee also contends that this court cannot consider the appeal at all because Tecom's claim was not properly presented or certified. We first take up that threshold issue.

### II

This contract case is subject to the Contract Disputes Act, 41 U.S.C. §§ 601–13 (Supp. IV 1980), which directs the contractor to submit his claim in writing to the contracting officer. 41 U.S.C. § 605(a). Defense Acquisition Regulation (DAR) § 1–314(b)(1) defines such a claim as "a written demand * * * seeking, as a matter of right, the payment of money, adjustment or interpretation of contract terms or other relief arising under or related to the contract." Appellee argues, first, that Tecom's claim to the contracting officer was inadequate because it did not specify the relief desired or, if compensation was

sought, the amount of compensation requested. This may have been true of appellant's first letter of complaint (October 1, 1980) but the company's later letter of December 9, 1980 (sent well before the contracting officer's final decision of January 22, 1981) was entirely sufficient. That December claim first reiterated that appellant viewed the newly demanded bus service as beyond the contract's requirements, and then specifically asked "compensation of $11,000.04 per year, to be billed at $916.67 per month." That was quite enough specificity for the claim, under both statute and regulation.

█ The more important position of the Government is that the claim was not certified by the contractor. The Disputes Act (41 U.S.C. § 605(c)) requires such certification for claims of more than $50,000 but not for those of less than that amount. Here, the original claim to the contracting officer was slightly over $11,000 (and therefore did not call for certification) but Tecom's subsequent complaint before the ASBCA (in the appeal to the Board) asked $72,752.10 for "a three (3) year contract." There was no certification at the Board level. That is the reason the Government now insists that the Board had no jurisdiction and, accordingly, that we cannot properly consider its decision on the merits. Lack of proper certification, where required, deprives the contracting officer, the board of contract appeals, and this court (on review) of jurisdiction to proceed on the claim. *W.M. Schlosser Co. v. United States*, 705 F.2d 1336, 1338–39 (Fed.Cir. 1983); *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1556–57 (Fed.Cir.1983).

█ By the statutory terms, the certification requirement applies to submission of claims to the *contracting officer;* certification at that time, if required, is all-important. *See W.M. Schlosser Co., supra,* at 1338. In this instance, the contracting officer had full jurisdiction over the claim

which was for far less than $50,000,[1] his decision on the claim was well within his authority, and the ASBCA had full jurisdiction over Tecom's appeal from that decision. When the company later came to file its final complaint before the ASBCA, the Air Force had exercised its option to extend the contract for one more year. The increased reimbursement sought in that complaint was explained (at the Board hearing) as representing (a) an improved reevaluation of the original estimate ($11,000.04) on the basis of the first year's actual experience, and (b) a projection of that increased sum for the expected full three-year term of the contract. There is no contest of that explanation, and on its face it is reasonable and adequate.

In those circumstances, we think the Government wrong in demanding certification at the Board level. Where no certification of the claim was earlier compelled because the amount asked was properly less than $50,000 at that time, the contractor could legally increase its monetary demand before the ASBCA in view of the intervening prolongation of the contract and the experience of actual operation. There is no violation of either the letter or the purpose of the certification requirement of the Contract Disputes Act, *i.e.,* to push contractors into being careful and reasonably precise in the submission of claims to the contracting officer. This case is comparable in that respect to *J.F. Shea Company, Inc. v. United States,* 4 Cl.Ct. 46, 54–55 (1983), in which the Claims Court upheld the right of a "direct access" contractor-plaintiff in that court to increase his monetary demand, without further certification, on the basis of new information on damages. We agree with that decision that "It would be most disruptive of normal litigation procedure if any increase in the amount of a claim based upon matters developed in litigation before the court [or board] had to be submitted to the contracting officer before the court [or board]

---

1. The contract, as noted in Part I, *supra,* was for one year, with the Government having the option to renew it, by successive exercises of that option, for two additional years. At the time

Tecom submitted its claim to the contracting officer, the contract was still in its first non-optional year. That seems to be the reason for the request for only $11,000 for that one year.

could continue to a final resolution on the claim." *Id.* at 54. There, the claim had originally been certified and was later enlarged, but that difference is irrelevant to the general principle that a monetary claim *properly* considered by the contracting officer (here, because it was less than $50,000 and covered only one year) need not be certified or recertified if that very same claim (but in an increased amount reasonably based on further information) comes before a board of contract appeals or a court.[2]

## III

■ The question whether Tecom's costs were actually increased by the change from all-taxi-on-call service (to and from the airport) to a regular airport bus shuttle service is obviously one of fact on which the Board's determination must be sustained unless it is not supported by substantial evidence. There is no difficulty in holding that more than substantial evidence exists showing that Tecom has failed to prove that its costs were increased.

The vehicle superintendent at the base (Bundy) testified that appellant did not hire any additional employees (or employee) to operate the shuttle bus nor did appellant increase the number of hours allocable to vehicle operations by reason of the post-

contract addition of the airport shuttle bus. He also testified that providing airport service by taxi rather than by shuttle bus would require one or two more taxi drivers. The Board then permissibly found that the company failed to prove that its work hours were increased by the change. Indeed, Bundy and others gave evidence that it was more economical to service the airport through a shuttle bus rather than through the initially mandated on-call taxi service. Two witnesses testified that the shuttle bus would take the place of one or two taxis.[3] On the basis of that testimony, which it specifically credited, the Board found "that the use of a shuttle bus to the airport directly reduced the number of taxis needed by at least one and possibly as much as two, during the hours that the bus was operating."[4]

We conclude therefore that the ASBCA's finding of no cost increase was rested on substantial evidence and must be accepted.

AFFIRMED.

---

2. Of course, we do not mean to countenance an evasion of the certification requirement, for instance, a deliberate understatement of amount in the original claim with the intent to raise it on appeal (on the basis of information readily available at the earlier time), or a careless initial appraisal failing to satisfy the criteria of 41 U.S.C. § 605(c)(1).

3. Tecom's own presentation made no real effort to rebut directly the Government's evidence as

to the lack of cost-increase, but primarily relied on a totaling of the costs of the shuttle operation (without any substantial consideration of the saving in taxi operation).

4. As in too many contract cases, appellant in effect asks us to review the record wholly for ourselves to decide where the preponderance lay, but of course that is not our function, nor is our role to decide problems of credibility.