826 F.2d 1073
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BRINEGAR & FULLER, INC., Appellant,
v.
The UNITED STATES, Appellee.
 Appeal No. 87-1143
 United States Court of Appeals, Federal Circuit.
 July 31, 1987.
 
 Before DAVIS, BISSELL and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Brinegar & Fuller, Inc. (Brinegar) appeals from the decision of the Armed Services Board of Contract Appeals (ASBCA or board), ASBCA No. 29235, 86-3 BCA (CCH) p19,241, 97,269 (1986), denying Brinegar's claim for compensation for a value engineering change proposal (VECP) and an equitable adjustment under Contract No. N62474-81-C-8086. We affirm.
 
 OPINION
 
 2
 This court's scope of review under the Contract Disputes Act, 41 U.S.C. Sec. 609(b) (1982), is very limited. We may not set aside a decision of a board of contract appeals unless an appellant can meet its burden of establishing, on the basis of the record, that the decision is 'fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or . . . is not supported by substantial evidence.' 41 U.S.C. Sec. 609(b). Thus, even though the record may contain evidence which supports a contrary position, we will not alter a board's finding if substantial evidence supports it. Erickson Air Crane Co. of Washington v. United States, 731 F.2d 810, 814 (Fed. Cir. 1984).
 
 
 3
 Brinegar has failed to show any legal error in the board's decision; instead, it attempts to relitigate the facts of its case before this court, which it may not do. Telcom, Inc. v. United States, 732 F.2d 935 (Fed. Cir. 1984).
 
 
 4
 On appeal, Brinegar argues that the VECP claim was not included in the settlement reached by the parties at their meeting on February 17, 1982 and the government's requirements in regard to the roof coating change were greater than agreed upon in the settlement.
 
 
 5
 The ASBCA determined that both of Brinegar's claims were subsumed in the settlement agreement between the parties and, accordingly, that Brinegar was not entitled to any additional compensation. As to the agreement, the board stated that
 
 
 6
 the parties, did, in fact, reach a meeting of the minds concerning both the work which was to be performed and deleted from the contract and that the amounts attributable thereto, and this agreement is reflected by two documents, the letter from the Government dated 5 March 1982 discussing the meeting of 17 February 1982, and appellant's response thereto, dated 16 March 1982.
 
 
 7
 Brinegar, 86-3 BCA (CCH) at 97,274.
 
 
 8
 In considering Brinegar's VECP claim, the board found 'that appellant failed to preserve any possible value engineering claim when the parties entered into their agreement following the 17 February 1982 meeting and the exchange of letters thereafter.' Id. at 97,275.
 
 
 9
 The board also found that the only exception which Brinegar maintained in the settlement was for 'any further unknown major changes which might occur in the future.' Id. at 97,726. Since the government's March 5, 1982 letter listed 'reflective coating on roof' as being included in the settlement, the board concluded that
 
 
 10
 when the parties negotiated the agreement during the February 1982 meeting and the subsequent exchange of correspondence, the projected costs for the elastomeric coating already reflected any increased coverage which the Government may have required over the original amount.
 
 
 11
 Id.
 
 
 12
 There is substantial evidence in the record to support the board's findings that the settlement agreement encompassed Brinegar's VECP and equitable adjustment claims. These being factual determinations, our standard of review requires that the decision of the ASBCA be affirmed.