**INGERSOLL–RAND COMPANY,**
Plaintiff,

v.

**UNITED STATES, Defendant.**

No. 90–3849C.

United States Claims Court.

Dec. 23, 1991.

Ronald S. Perlman, Washington, D.C., for plaintiff.

Steven J. Abelson, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for defendant. Lieutenant Colonel Mark L. Sucher, U.S. Air Force, of counsel.

FACTS

MARGOLIS, Judge.

On January 30, 1989, in connection with a contract with the United States Air Force (Air Force), plaintiff Ingersoll–Rand (Ingersoll) submitted to the contracting officer a claim of $1,659,898, resulting from alleged delay on the part of the defendant.[1] The contracting officer issued a final decision on August 11, 1989, denying Ingersoll's

---

**1.** Ingersoll's certification, dated January 30, 1989, read as follows:
This claim is made in good faith and is to certify that, to the best of my knowledge and

claim. Believing the decision to be legally insufficient because it failed to state adequately the reasons for denial of the claim, Ingersoll communicated this view to the Air Force, which agreed on October 3, 1989 to have the contracting officer issue a new final decision.

Sometime after October 3, 1989, Ingersoll became concerned that R. Gregory Holley might not have been the proper person to certify the claim and, as a result, submitted a new certification to the contracting officer on January 9, 1990, signed by John Arzbach whose title was "Vice–President and General Manager Portable Compressor Division."[2] This certification was substantially similar to the certification of January 30, 1989.

The contracting officer's new final decision was not forthcoming, and on October 11, 1990, Ingersoll filed suit in this court, alleging direct access on the ground that its claim had been constructively denied by the contracting officer. Defendant has filed a motion to dismiss, asserting that Ingersoll's certification does not satisfy the requirements of the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 601 *et seq.* Defendant specifically questions whether Ingersoll's certifications to the contracting officer were "unequivocal as to the completeness and accuracy of the supporting data" because Ingersoll refused to certify such up to the date of execution of the certification. *See supra* notes 1–2.

## DISCUSSION

For this court to assert jurisdiction over a CDA case, the contractor must have certified the claim to the contracting officer in accordance with 41 U.S.C. § 605(c)(1). *United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 579 (Fed.Cir.1991); *Tecom, Inc. v. United States*, 732 F.2d 935, 937 (Fed.Cir.1984). This "certification requirement assures that the plaintiff is submitting a claim in an amount it *then* honestly believes is due and that the data furnished *at the time of certification* are accurate and complete to the best of plaintiff's knowledge and belief." *J.F. Shea Co., Inc. v. United States*, 4 Cl.Ct. 46, 54 (1983) (emphasis in original). Section 605(c)(1) demands the following attestations by the contractor in a certification:

1) that the claim is made in good faith;

2) that the supporting data are accurate and complete to the best of the contractor's knowledge and belief, and

3) that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

To satisfy the statute, the contractor "must simultaneously state all three elements of the required certification" and must do so "clearly and unequivocally...." *Aeronetics Div., AAR Brooks & Perkins Corp. v. United States*, 12 Cl.Ct. 132, 135 (1987). "[N]o less than substantial compliance may be enough to satisfy the certification requirements of 41 U.S.C. § 605(c)(1)." *Cupey Bajo Nursing Home, Inc. v. United States*, 23 Cl.Ct. 406, 414 (1991).

---

belief, the supporting data submitted either actually or by specific identification in writing, to the contracting officer or to the contracting officer's representative against contract # F33657–83–C–2218 are accurate and complete as of January 18, 1989.
The amount requested accurately reflects the contract adjustment for which Ingersoll–Rand believes the Government is liable.
The certification was signed by R. Gregory Holley whose title was "Division Controller, Portable Compressor Division."

**2.** The second certification read as follows:

This claim submitted on January 30, 1989 was made in good faith and I certify that, to the best of my knowledge and belief, the supporting data submitted either actually or by specific identification in writing, to the contracting officer or to the contracting officer's representative against contract F33657–83–C–2218 are accurate and complete as of January 18, 1989.
The amount requested accurately reflects the contract adjustment for which Ingersoll–Rand believes the Government is liable.

Both of Ingersoll's certifications to the contracting officer simultaneously state the elements of § 605(c)(1). *See supra* notes 1–2. However, although they practically "parrot the words of the statute," *Aeronetics Div., AAR Brooks & Perkins Corp.*, 12 Cl.Ct. at 135, the certifications are not unequivocal because they certify the accuracy and completeness of the supporting data only as of January 18, 1989. Neither certification actually attests to the accuracy and completeness of the supporting data up to the date of certification—in one case, January 30, 1989 and in the other case, January 9, 1990. *J.F. Shea Co.*, 4 Cl.Ct. at 54.

This court has no reason to doubt Ingersoll's assertion that it had identified all costs associated with the claim in question by January 18, 1989. Nevertheless, to permit a contractor to restrict its attestations to a date before execution of the certification and submission of the claim possibly could allow the contractor to escape false claim liability if it should submit with its claim incomplete and/or inaccurate data dated after the date to which the attestation was restricted. This court is hesitant to create precedent allowing contractors to qualify certifications and possibly evade false claim liability, especially in light of the strict approach the Federal Circuit is taking towards certification requirements. *See United States v. Grumman Aerospace Corp.*, 927 F.2d 575.

Because Ingersoll's certifications were equivocal as to completeness and accuracy of supporting data, this court finds that they do not satisfy the requirements of § 605(c)(1), and therefore defendant's motion to dismiss is granted.[3] The clerk shall dismiss the complaint without prejudice. No costs.

---

**3.** Although the parties discussed the matters before the court in terms of both the January 30, 1989 and January 9, 1990 certifications, only the latter certification is at issue here because, as the parties note, unlike the first certification, it was executed by the proper business official in keeping with *United States v. Grumman Aerospace Corp.*, 927 F.2d 575. Nevertheless, neither certification satisfied § 605(c)(1).