48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Fayyad AL-KURDI, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5021.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1995.
 
 Fed.Cl.
 AFFIRMED.
 Before CLEVENGER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 After a trial, the Court of Federal Claims dismissed Fayyad Al-Kurdi's claim under his real estate brokerage services contract with the United States Embassy in Amman, Jordan. Al-Kurdi v. United States, No. 90-29C (Fed.Cl. Sept. 29, 1993). Because under Jordanian law Mr. Al-Kurdi abandoned his brokerage contract with the embassy, this court affirms.
 
 DISCUSSION
 I.
 
 2
 Mr. Al-Kurdi is a real estate broker in Amman, Jordan. Mr. Al-Kurdi assisted the United States Embassy in Jordan in its search for a new chancery in 1984-85. The embassy official responsible for locating a new chancery was Administrative Counselor Johnny Young. Mr. Al-Kurdi showed Mr. Young many existing buildings and undeveloped parcels of land. In particular, Mr. Al-Kurdi showed Mr. Young land in the New Abdoun area of Amman in late 1984. At that time Mr. Young was more interested in purchasing an existing building. Mr. Young continued to work with Mr. Al-Kurdi to find a suitable building through early 1985.
 
 
 3
 Mr. Young and Mr. Al-Kurdi did not find a suitable building. In March 1985, another broker, Khalil Kilani, showed Mr. Young the New Abdoun land. This time Mr. Young showed interest. Eventually the embassy purchased and built on the land.
 
 
 4
 When Mr. Kilani told the owners of the New Abdoun land of the embassy's interest in the property, two of the owners told Mr. Al-Kurdi. The trial court found that the owners told Mr. Al-Kurdi before the sale occurred. Al-Kurdi, slip op. at 13. Mr. Al-Kurdi responded that he understood the embassy to be interested in buying an existing building instead. The trial court found that Mr. Al-Kurdi neglected to contact the embassy or otherwise pursue the matter further until after the purchase. Id.
 
 
 5
 Meanwhile, one of the owners of the New Abdoun land was concerned about whether to deal with Mr. Al-Kurdi or Mr. Kilani. At that owner's request, Mr. Young wrote a note certifying that the embassy had dealt only with Mr. Kilani to acquire the New Abdoun land. The trial court found that Mr. Young did not recall being shown the land by Mr. Al-Kurdi several months earlier. Al-Kurdi, slip op. at 11.
 
 
 6
 After the embassy purchased the New Abdoun land through Mr. Kilani, Mr. Al-Kurdi sued to recover the brokerage fee he believes he deserves as the first broker to show Mr. Young the land. The trial court found that Mr. Al-Kurdi indeed was the first broker to show Mr. Young the New Abdoun land. Al-Kurdi, slip op. at 11. Under Jordanian law, this entitled Mr. Al-Kurdi to the first opportunity to broker the sale of the land. Id. at 6-7. The trial court found, however, that Mr. Al-Kurdi lost the fee due to his own failure to pursue the deal, not due to bad faith by Mr. Young. Id. at 13. The trial court denied Mr. Al-Kurdi's claim. Id. at 13-14. Mr. Al-Kurdi appeals.
 
 II.
 
 7
 The parties agree that Jordanian law applies. The trial court determined that under Jordanian law, the first broker to show real estate to a prospective buyer has priority to negotiate a sale to that buyer. Al-Kurdi, slip op. at 6. Only if the broker with priority cannot obtain comparably favorable terms may the sale proceed through another broker. Id.
 
 
 8
 The trial court also determined, however, that under Jordanian law, the first broker may abandon his priority right. Al-Kurdi, slip op. at 6. Abandonment occurs when the first broker does not pursue his opportunity. Id. at 6-7. Abandonment does not occur when the buyer acts in bad faith to deter the broker with priority from arranging the sale. Id.
 
 
 9
 At trial, experts on Jordanian law provided extensive testimony and translations of statutes and treatises to clarify Jordanian law. See Al-Kurdi, slip op. at 4-7. Having reviewed this record evidence, this court agrees that the trial court correctly determined the applicable law.
 
 
 10
 Under Jordanian law, the critical issue is whether Mr. Al-Kurdi abandoned the brokerage contract, or instead Mr. Young acted in bad faith to deny Mr. Al-Kurdi his brokerage fee. In finding abandonment, the trial court relied on evidence that two of the landowners told Mr. Al-Kurdi about the embassy's interest before the sale. Al-Kurdi, slip op. at 13. Despite this notice, Mr. Al-Kurdi neglected to approach the embassy and consummate the deal. Id. Indeed Mr. Al-Kurdi himself testified that he chose to "trust" Mr. Young to tell him if the embassy was interested in the land, rather than act to protect his own interests. Mr. Al-Kurdi admitted he did not contact Mr. Young. In sum, substantial evidence supports the trial court's findings.
 
 
 11
 The trial court also found that Mr. Young did not mislead Mr. Al-Kurdi. Al-Kurdi, slip op. at 13. Instead, the trial court found that Mr. Young simply did not recall that Mr. Al-Kurdi had shown him the land several months earlier. Id. at 11. Mr. Young's own testimony supports this finding. Significantly, the parties agreed at oral argument that Mr. Young's credibility is central to this case. Of course, credibility is virtually unreviewable by an appellate court. Tecom, Inc. v. United States, 732 F.2d 935, 938 n. 4 (Fed.Cir.1984).
 
 
 12
 Because Mr. Young did not recall Mr. Al-Kurdi showing him the New Abdoun land, Mr. Young did not act in bad faith by certifying to the landowners that the embassy had dealt only with Mr. Kilani. The certification was incorrect, but not an attempt to prevent Mr. Al-Kurdi from consummating the deal. In sum, the trial court correctly concluded that Mr. Young did not intentionally obstruct Mr. Al-Kurdi's performance of his brokerage services.
 
 
 13
 The trial court concluded, on the basis of Mr. Al-Kurdi's neglect and Mr. Young's lack of bad faith, that Mr. Al-Kurdi abandoned the brokerage contract. Based on the trial court's thorough fact findings and correct application of the law, this court affirms.
 
 
 14
 No costs.