NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**J.P. DONOVAN CONSTRUCTION, INC.,**
*Appellant,*

**v.**

**RAYMOND E. MABUS, SECRETARY OF THE NAVY,**
*Appellee.*

---

2011-1162

---

Appeal from the Armed Services Board of Contract Appeals in No. 55335, Administrative Judge David W. James, Jr.

---

Decided: March 27, 2012

---

FREDERICK L. WRIGHT II, Vaughn, Wright & Boyer LLP, of Marietta, Georgia, for appellant.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR. Assistant Director. On counsel was PAMELA J.

NESTELL, Attorney, United States Department of the Navy, NAVFAC Litigation HQ, of Washington, DC.

---

Before RADER, *Chief Judge*, MOORE, *Circuit Judge* and AIKEN, *District Judge.**

Opinion for the court filed by *Chief Judge* RADER. *District Judge* AIKEN concurs in the result.

RADER, *Chief Judge.*

The Armed Services Board of Contract Appeals dismissed the claim of J.P. Donovan Construction, Inc. ("Donovan") for lack of jurisdiction. *J.P. Donovan Constr., Inc.*, ASBCA No. 55335, 10-2 BCA ¶ 34,509, 2010 WL 2899029 (July 16, 2010). The Board held that Donovan did not submit a valid claim under the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-13 (1998), in view of the Federal Acquisition Regulation ("FAR"). In the absence of any reversible error, this court affirms.

I.

On September 18, 2002, Donovan entered into Contract No. N62467-02-C-2747 ("Contract") with the United States Navy Department ("Navy") to repair runways at the Naval Air Station, Key West, Florida. [JA 2, 21, 33.] The Contract contained the FAR disputes clause, which defined "claim" as "a written demand or . . . assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain . . . ." 48 C.F.R. § 52.233-1 (2002). [JA 2.] The Contract also contained a Defense Federal Acquisition Regulations

---

* The Honorable Ann L. Aiken, Chief Judge, United States District Court for the District of Oregon, sitting by designation.

("DFARS") clause regarding requests for equitable adjustment. 48 C.F. R. § 252.243-7002 (1998).

In October 2002, Donovan subcontracted with Costello Industries, Inc. ("Costello"). [JA 2, 21.] Work began on November 13, 2002 and was completed on May 9, 2003. On August 9, 2004, on behalf of Costello, Donovan submitted a letter ("August Letter") to the contracting officer requesting an equitable adjustment ("REA #2"). In part, the August letter stated: "Of the $559,764.00 that Costello is claiming, Donovan is herein stating that Donovan has or will have approximately $55,000.00 of additional direct and administrative costs that should be added to this Costello requested amount." J.A. 124. The contracting officer rejected this request for exceeding the simplified acquisition threshold; for missing the certification requirement of title 10, section 2410(a); and for insufficient "disclosure of all relevant facts." J.A. 126.

On January 14, 2005, Costello submitted to Donovan another REA for $559,764.00 and asked Donovan to certify and submit the claim to the Navy. [JA 2.] On March 7, 2005, Donovan submitted Costello's REA and a CDA certification to the contracting officer. [JA 2.] Donovan's March 7, 2005 letter ("March Letter") was titled "Submittal of *Claim for Equitable Adjustment . . .*" and stated, in relevant part:

Of the $559,764.00 that Costello is claiming, Donovan is herein stating that Donovan has or will have approximately $65,000.00 of additional direct and administrative costs that should be added to this Costello requested amount. These Donovan costs are for previous expenditures for Donovan's consultants whilst the Claim was entitled REA#2 as well as for previous costs expended by Donovan for necessary outside legal efforts.

J.A. 3, 42.  On November 1, 2005, the contracting officer issued a final decision denying Donovan's claim of $624,764 which included Costello's claim of $559,764 and Donovan's claim of $65,000.  [JA 3, 43.]

On January 27, 2006, Donovan filed a notice of appeal of the contracting officer's final decision with the Board which stated, "[t]he amount of the claim is $624,764.00." [JA 4, 123.]  In March 2006, Donovan filed a complaint before the Board seeking money damages for Costello. The complaint was amended in 2009 to include the following prayer for relief:  "Money damages for overhead costs [Donovan] incurred arising from or related to [Costello's] claim under its subcontract with [Donovan]."  J.A. 4, 7, 25.  The parties engaged in an extensive discovery period. On January 28, 2010, the Navy submitted a motion to dismiss for lack of jurisdiction or in the alternative motion to stay proceedings, alleging that Donovan's certification was qualified and not made in good faith.  [JA 135-56.]

On March 23, 2010, the Board sent the parties a letter asking *sua sponte* whether the language in Donovan's March Letter ("Donovan has or will have approximately $65,000 of additional direct and administrative costs that should be added to this Costello requested amount" of $559,764.00) "result[s] in a claim which does not state a 'sum certain,' thus negating the Board's jurisdiction of the appeal."  J.A. 39-40.  The parties briefed this issue and the Navy submitted a motion to dismiss for failure to state a sum certain.  [JA 59.]

The Board granted the Navy's motion.  Specifically, the Board determined that it lacked jurisdiction because Costello's claim for $559,764.00 and Donovan's "add-ons" were not separate claims and that the entire claim was not in a sum certain due to the qualifying language as to Donovan's claim.  [JA 1-6.]  The Board did not make a

determination concerning the Navy's motion to dismiss for lack of jurisdiction due to Donovan's alleged bad faith. Donovan appealed the Board's decision, and this court possesses jurisdiction under 28 U.S.C. § 1295(a)(10).

## II.

The statute sets this court's standard of review:

(1) the decision of the agency board on a question of law is not final or conclusive; but (2) the decision of the agency board on a question of fact is final and conclusive and may not be set aside unless the decision is—(A) fraudulent, arbitrary, or capricious; (B) so grossly erroneous as to necessarily imply bad faith; or (C) not supported by substantial evidence.

41 U.S.C. § 7107(b). The Board's dismissal for lack of jurisdiction is a question of law. *Transamerica Ins. Corp. v. United States*, 973 F.2d 1572, 1576 (Fed. Cir. 1992). This court reviews the Board's legal determinations without deference. *England v. Sherman R. Smoot Corp.*, 388 F.3d 844, 848 (Fed. Cir. 2004).

The "jurisdictional prerequisites to any appeal" under the CDA are that "the contractor must submit a proper claim . . . [and] . . . the contractor must have received the contracting officer's final decision on that claim." *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010) (citing *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996)). "Each claim by a contractor against the government shall be in writing and shall be submitted to the contracting officer for a decision," 41 U.S.C. § 7103(a), and the claim must "indicate to the contracting officer that the contractor is requesting a final decision," *Maropakis*, 609 F.3d at 1327 (citing *Ellett*, 93 F.3d at 1543).

Although the CDA does not define the term "claim," the FAR supplies a definition:  "Claim, as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, *the payment of money in a sum certain*, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract."  48 C.F.R. 52.233-1(c) (2002) (emphasis added).  *See also Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995) (en banc) (holding "that the FAR requires a 'claim' to be a written demand seeking a sum certain . . . as a matter of right . . . is consistent with the ordinary meaning of the term").  As stated in *Contract Cleaning Maintenance, Inc. v. United States*:

> We know of no requirement in the [CDA] that a "claim" must be submitted in any particular form or use any particular wording. All that is required is that the contractor submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim.

811 F.2d 586, 592 (Fed. Cir. 1987) (citing *Tecom, Inc. v. United States*, 732 F.2d 935, 936-37 (Fed. Cir. 1984); *Metric Constr. Co. v. United States*, 1 Cl. Ct. 383, 392 (1983)).  *See also Maropakis*, 609 F.3d at 1327 (citing *Contract Cleaning*, 811 F.2d at 592).  "Moreover, . . . a sum certain naturally must be asserted.  It is, after all, the defining measure of that right."  *Essex Electro Engineers, Inc. v. United States*, 960 F.2d 1576, 1581 (Fed. Cir. 1992).

The contracting officer rejected Donovan's claim for $624,764 in its entirety, stating:

> You offer no justification or legal premise for this element of your claim. Inasmuch as we find no en-

titlement to the underlying claim of your subcontractor, likewise you are not entitled to any costs allegedly incurred in association with such claim.

J.A. 2-3, 41-42. The contracting officer viewed the claim as Costello's costs and the balance for Donovan's "direct and administrative costs." The Board stated that ". . . when a claim describes a cost as approximate and never states that sum certain that it is demanding, the sum certain requirement is not met" and "[w]here . . . the qualifying language is used in the claim in relation to a cost but the sum certain being demanded is expressly stated (or ascertainable) elsewhere in the claim, the requirement is met." J.A. 4.

Accordingly, the Board determined Costello's costs were a sum certain but Donovan's statement and "add-ons" rendered the entire claim to be uncertain because of Donovan's use of qualifying language (i.e., the word "approximately"). The parties do not dispute Costello's costs and Donovan's "additional direct and administrative costs" are not separate claims. *See Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990) ("to determine whether two or more separate claims . . . exist[ ], the court must assess whether . . . the claims are based on a common or related set of operative facts. If the court will have to review the same or related evidence to make its decision, then only one claim exists"). As such, the only jurisdictional prerequisite at issue is whether the March Letter for Donovan's "direct and administrative costs" claimed a "sum certain."

A draft of the August Letter included the following statement: " . . . What about a markup on Costello's dollars?—What about $65,000 for anticipated administrative fee for handling the REA?" J.A. 81. Donovan's August Letter included the same language as the March

Letter but only asked for "approximately $55,000." J.A. 124. On the same day that the August Letter was submitted, internal correspondence of Donovan stated:

> Note that on the cover letter we sent to Jean Tarlton [Supervisory Contract Specialist for the Navy], I stated that JPD was requesting an additional amount of approx $55,000 for previous and future additional administrative costs attributable to the Donovan handling of this document. Realizing that the Feds need to see backup documents for this amount, I thought it best to include a lump sum amount in order for us to work toward as if we ask for nothing, we will get nothing. We will provide them backup for the correct amount when and if the time comes.

J.A. 83. The March Letter stated: " . . . Donovan is herein stating that Donovan *has* or will have approximately $65,000.00 of additional direct and administrative costs *that should be added to this Costello requested amount*." J.A. 42 (emphasis added). Also, Thomas L. Fraser, Donovan's representative who signed the August and March Letters, testified the additional $55,000 or $65,000 was for "administrative expenses and legal expenses" to be added to Costello's claim. J.A. 56. Mr. Donovan was questioned concerning the claim for $65,000 by the Supervisory Auditor with the Defense Contract Audit Agency and "Mr. Donovan stated that they had proposed $65,000 as they expected additional legal cost before the case was settled." J.A. 86. During this conference, Donovan learned that this expense was "expressly unallowable" under the FAR. *Id.* Additionally, J.P. Donovan, Sr., Donovan's representative who signed the CDA certifications, testified that he had a claim for $65,000 against the Navy. J.A. 131. As such, the references to "additional direct and administrative costs"

support the finding that the March Letter intended to put the contracting officer on notice of the basis and amount of Donovan's claim.

The Court of Federal Claims has stated that "[t]he sum certain requirement is met if the contracting officer can determine the amount claimed by a simple mathematical calculation." *Modeer v. United States*, 68 Fed. Cl. 131, 137 (2005). In *Modeer*, the parties entered into a lease agreement which stated that upon its termination "rent [would] accru[e] at the pro rata rate of $793,509 per year,' or $66,125.75." 68 Fed. Cl. at 137. One month after the parties' lease agreement terminated, plaintiffs' submitted a letter to the contracting officer for one month of holdover rent. Defendant asserted that the letter did not state a sum certain. However, the Court of Federal Claims held that the letter did state a sum certain because it specified a monthly amount that was owed by the holdover tenant and that the amount could be multiplied by a number of months to calculate the total amount of holdover rent claimed. This court agreed with and adopted the reasoning of the Court of Federal Claims. *Modeer v. United States*, 183 Fed. App'x 975, 977 (Fed. Cir. 2006).

In contrast to *Modeer*, Donovan's claim used qualifying language, "approximately $65,000," and did not include supporting documents that would allow the contracting officer to substantiate the claim. Donovan submitted the March Letter without supporting documents. In that form, the claimed amount was unascertainable. Accordingly, substantial evidence supports the Board's determination. Because Donovan has failed to establish that the Board committed an error of law or fact, this court affirms the Board's dismissal of Donovan's appeal for lack of jurisdiction.

Before the Board and this court, the Navy has argued alternative grounds for dismissal of the complaint for lack of jurisdiction because the certification was allegedly qualified and not made in good faith. Because this court affirms the Board's determination on the sum certain issue, we do not have to address the alternative grounds presented by the Navy.

For the foregoing reasons, the Board's dismissal of Donovan's complaint is hereby affirmed.

## AFFIRMED

### COSTS

No Costs.