# In the United States Court of Federal Claims

No. 11-453C

(Filed: January 3, 2013)

```
*****************************************  *
                                           *
SUFI NETWORK SERVICES, INC.,               *
                                           *
                                           *
               Plaintiff,                  *
                                           *
v.                                         *
                                           *
THE UNITED STATES,                         *
                                           *
               Defendant.                  *
                                           *
*****************************************  *
```

ORDER REGARDING PLAINTIFF'S
FIRST AMENDED COMPLAINT

      Plaintiff SUFI Network Services, Inc. ("SUFI") submitted a claim for attorneys' fees to the contracting officer on December 29, 2010. After not receiving any response to its claim for more than six months, SUFI commenced this action on July 8, 2011. Following the Court's denial of a motion to dismiss, Defendant filed an answer to SUFI's complaint on February 1, 2012. Thereafter, the Court granted SUFI's motion for summary judgment on liability on June 18, 2012. At the suggestion of the parties, the Court stayed proceedings to determine quantum pending the disposition of the related case in Docket No. 11-804C. The Court issued its opinion in the related case on November 8, 2012. SUFI Network Servs., Inc. v. United States, No. 11-804C, 2012 WL 5448957 (Fed. Cl. Nov. 8, 2012). The Court simultaneously lifted the stay of proceedings in this case.

      At issue is a first amended complaint that SUFI attempted to file on December 12, 2012 without seeking leave of Court under Rule 15. As Defendant pointed out in a December 17, 2012 motion to strike the amended complaint, SUFI could not simply file an amended complaint at this stage of the proceedings, because the time periods for amending pleadings "once as a matter of course" had long since expired. RCFC 15(a)(1). SUFI was required to seek leave to file its amended complaint, a fact which SUFI

acknowledged in its December 18, 2012 response to Defendant's motion. In this response, SUFI requested the necessary leave to file its amended complaint.

A further question to be addressed is whether SUFI may amend its quantum claim in this case without first submitting these amendments administratively to the contracting officer for a final decision. SUFI's amended complaint includes "(a) a few expense items . . . found to have been omitted from the claim as filed with the [contracting officer], and (b) based on the Court's recent decision in 11-804C, SUFI will request overhead and profit on the attorneys' fees and expenses claimed, as such are out-of-pocket expenses to SUFI." Pl.'s Opp'n 1.

The crux of the disagreement is the proper characterization of SUFI's amended claims. The Government argues that these amendments constitute additional claims, as "SUFI's overhead and profit amounts and SUFI's additional expenses of counsel have never been before the contracting officer." Def.'s Mot. 3. As such, the Government argues, SUFI has yet to exhaust its administrative contractual remedies and this Court does not possess jurisdiction. Id. at 4. In response, SUFI asserts that the amendments are merely "modifications to its damages" as they "relate to the identical facts and circumstances as SUFI's original claim that was ignored by the [contracting officer]." Pl.'s Opp'n 1-2. Therefore, SUFI asserts that it does not have to restart the Disputes clause process and is free to pursue the amendments within the current proceeding. Id. (citing Santa Fe Eng'rs, Inc. v. United States, 818 F.2d 856, 858 (Fed. Cir. 1987)).

Under Rule 15, "the court should freely give leave [to amend] when justice so requires." RCFC 15(a)(2). This general principle is tempered, however, by the requirement that claims first be submitted to the contracting officer for a final decision. See Contracts Disputes Act (CDA), 41 U.S.C. §7103(a).[1] As articulated by the Federal Circuit, this standard "does not require rigid adherence to the exact language or structure of the original CDA claim [when it] arise[s] from the same operative facts, claim[s] essentially the same relief, and merely assert[s] different legal theories for that recovery." Ace Constructors, Inc. v. United States, 499 F.3d 1357, 1361 (Fed. Cir. 2007) (citations omitted) (finding that claims based on same contract provisions, requirements, costs, requested relief, and legal theories were properly before the court); Scott Timber Co. v. United States, 333 F.3d 1358, 1366 (Fed. Cir. 2003) (finding that although plaintiff posed different legal theories, claims presented to the contracting officer and the court were "essentially the same" as they sought "consequential damages" for breach).

Here, SUFI is not asserting a new claim, but is simply amending its attorneys' fees claim to include additional cost and profit items that it now believes are recoverable. SUFI's underlying claim is still one for attorneys' fees, and the operative facts have not

---

[1] Although the CDA does not apply to the contract at issue here, the applicable Disputes clause embodies the same requirement. Am. Compl. ¶ 3; Def.'s Mot. 5.

changed. The Court concludes that SUFI's changes to its quantum calculation as represented in the amended complaint are not new claims requiring submission to the contracting officer, and are properly before the Court.

The Court also permits SUFI's modifications regarding inadvertent omissions of expenses from its initial claim to the contracting officer. The Government is correct in pointing out that courts will not condone evasions of claim requirements such as "a deliberate understatement of amount[s] . . . or a careless initial appraisal failing to satisfy the criteria of [the CDA]." Tecom, Inc. v. United States, 732 F.2d 935, 938 n.4 (Fed. Cir. 1984); Def.'s Reply 3. Neither of these circumstances are present here, however, and "[i]t would be most disruptive of normal litigation procedure if any increase in the amount of a claim based upon matters developed in litigation before the court had to be submitted to the contracting officer before the court could continue to a final resolution of the claim." J.F. Shea Co. v. United States, 4 Cl. Ct. 46, 54 (1983).

Accordingly, Defendant's motion to strike Plaintiff's first amended complaint is DENIED, and Plaintiff's cross-motion for leave to file its first amended complaint is GRANTED. Defendant should file an answer to the amended complaint within 20 days, on or before January 23, 2013.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge
