ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                    )
                                                )
HEB International Logistics                      )    ASBCA No. 59448
                                                )
Under Contract No. W91B4N-09-D-5003             )

APPEARANCE FOR THE APPELLANT:          Mr. Hasib Akbary
                                       CEO

APPEARANCES FOR THE GOVERNMENT:        Raymond M. Saunders, Esq.
                                         Army Chief Trial Attorney
                                       Erica S. Beardsley, Esq.
                                         Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE NEWSOM
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant appeals from a contracting officer's final decision denying two of its claims. The government moves to dismiss this appeal for lack of jurisdiction on the basis that appellant's claims were not certified as required by the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. Appellant opposes. For the reasons explained below, the Board grants the government's motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 15 March 2009, the United States Army Bagram Regional Contracting Center and HEB International Logistics (HEB) entered into Contract No. W91B4N-09-D-5003, a multiple award indefinite delivery, indefinite quantity contract for trucking services throughout Afghanistan (R4, tab 1 at 1, 4-5). The contract incorporated Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS – COMMERCIAL ITEMS (OCT 2008) (R4, tab 1 at 23). Paragraph (d), *Disputes*, of the Contract Terms and Conditions – Commercial Items clause in turn incorporated FAR 52.233-1. FAR 52.233-1, DISPUTES (JUL 2002), in effect at the time of contract execution, provided in pertinent part:

> (d)(2)(i) The Contractor shall provide the certification specified in paragraph (d)(2)(iii) of this clause when submitting any claim exceeding $100,000.
>
> ....

(iii) The certification shall state as follows: "I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor."

48 C.F.R. § 52.233-1(d)(2) (2009).

By letter dated 9 May 2013, Kahiga A. Tiagha, Esq., on behalf of HEB, submitted a claim in the amount of $6,057,842 for the payment of four invoices to a contract specialist with the Army Contracting Command – Rock Island Reachback Closeout Division. By letter dated 1 July 2013, Mr. Tiagha submitted a second claim on behalf of HEB in the amount of $3,424,923.50 for the government's allegedly improper withholding of payments and/or assessment of penalties under the contract. Neither claim contained the certification prescribed by FAR 52.233-1(d)(2)(iii), nor any other form of certification. (R4, tabs 44, 45) HEB's 1 July 2014 claim letter, however, contained the following language upon which it relies:

> I am writing to provide evidence of the outstanding payment obligation of the [Army] to [HEB] in the amount of [$3,424,923.50] over the months of July, August and September of 2011.
>
> ....
>
> In conclusion, HEB contends that the foregoing combined with the attached Exhibits should provide incontrovertible evidence of HEB's compliance with HNT [Host Nation Trucking] rules and the Army's incorrect application of the same. Accordingly, HEB once again asserts that it has a legitimate claim for [$3,424,923.50] for services provided to the Army under HNT.

(R4, tab 45 at 1, 5)

The contracting officer issued a final decision, dated 28 April 2014, denying both of HEB's claims (R4, tab 48). HEB timely appealed the denial of its claims by email dated 27 July 2014. The Board docketed the appeal as ASBCA No. 59448.

2

## DECISION

For contractor claims exceeding $100,000, the CDA requires the contractor to certify that:

> (A)  the claim is made in good faith;
> (B)  the supporting data are accurate and complete to the best of the contractor's knowledge and belief;
> (C)  the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and
> (D)  the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b)(1).

The Disputes clause incorporated into HEB's contract, FAR 52.233-1, implements the CDA certification requirement and prescribes specific certification language. When required, certification in accordance with the CDA is a prerequisite to this Board's jurisdiction. *New Iraq Ahd Co.*, ASBCA No. 58800, 14-1 BCA ¶ 35,479 at 173,953; *Special Operative Grp., LLC*, ASBCA No. 57678, 11-2 BCA ¶ 34,860 at 171,480. A defective certification does not deprive the Board of jurisdiction, 41 U.S.C. § 7103(b)(3); however, the complete absence of a certification where required does and dictates dismissal. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,817; *Baghdadi Swords Co.*, ASBCA No. 58539, 13 BCA ¶ 35,395 at 173,665. The fact that a contracting officer purported to issue a final decision does not remedy the absence of a certification and has no legal bearing on the Board's jurisdiction. *Abdul Ahad Khadim Constr. Co.*, ASBCA No. 59206, 14-1 BCA ¶ 35,694 at 174,766; *Baghdadi Swords*, 13 BCA ¶ 35,395 at 173,665.

Both HEB's 9 May 2013 claim and its 1 July 2013 claim are in excess of $100,000, and thus were required to be certified in accordance with the CDA. However, neither claim contained the prescribed certification nor any other certification. Appellant nonetheless argues that the Board has jurisdiction over this appeal because certain language in its 1 July 2013 claim letter, in its view, parallels some of the requirements of a proper CDA certification. Relying on *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1545-46 (Fed. Cir. 1996), appellant contends that "[e]xact recitation of the CDA language is not required and a defect does not bar the Board from jurisdiction" (app. opp'n at 1).

Appellant's argument is unpersuasive. Black's Law Dictionary defines the term "certify" to mean, as relevant here: "1. To authenticate or verify in writing. 2. To attest

3

as being true or as meeting certain criteria." BLACK'S LAW DICTIONARY 220 (7th ed. 1999). As we stated in *Hawaii CyberSpace*:

> "The purposes of the certification requirement are to discourage the submission of unwarranted contractor claims and to encourage settlements," *Paul E. Lehman, Inc. v. United States*, 673 F.2d 352, 354, 230 Ct. Cl. 11, 14 (1982); "to push contractors into being careful and reasonably precise in the submission of claims to the contracting officer," *Tecom, Inc. v. United States*, 732 F.2d 935, 937 (Fed. Cir. 1984); and to enable the government "to hold a contractor personally liable for fraudulent claims," *Transamerica Insurance Corp. v. United States*, 973 F.2d 1572, 1580 (Fed. Cir. 1992).

ASBCA No. 54065, 04-1 BCA ¶ 32,455 at 160,533.

We need not decide whether the language appellant relies upon would give rise to a correctable defect if it had been included in a certification.[1] Neither claim contained a statement certifying or attesting to the veracity of any such language. To hold, as appellant would have us do, that a claim letter that contains some uncertified language that parallels some of the required certification language is sufficient for the Board's jurisdiction would eviscerate the certification requirement and frustrate the purposes of such certification. Because appellant's claims failed to include any certification, the Board lacks jurisdiction over this appeal.

---

[1] Such a determination requires consideration of whether "the flaws in [the] attempted certification are so significant that, rather than treat the certification as 'defective'...we must effectively conclude that no certification was submitted." *Western Plains Disposal*, ASBCA No. 56986, 11-1 BCA ¶ 34,617 at 170,613 (quoting *SAE/Americon-Mid-Atlantic, Inc. v. Gen. Servs. Admin.*, GSBCA No. 12294, 94-2 BCA ¶ 26,890 at 133,852).

4

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is granted. This appeal is dismissed without prejudice to appellant's submission of a certified claim or claims to the contracting officer.

Dated: 12 March 2015

ELIZABETH W. NEWSOM
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59448, Appeal of HEB International Logistics, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5