# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Al Rafideen Company | ) ASBCA No. 59156 |
| | ) |
| Under Contract No. W91GDW-10-D-2000 | ) |

APPEARANCE FOR THE APPELLANT:        Mr. Ahmed Maithem Jassim
        Owner

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
        Army Chief Trial Attorney
        CPT Lyn P. Juarez, JA
        Trial Attorney

## OPINION BY JUDGE NEWSOM ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant appeals from a contracting officer's final decision denying its demand for payment. The government moves to dismiss this appeal for lack of jurisdiction on the basis that appellant's demand was not a claim, because it was neither signed nor certified as required by the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. Appellant did not submit an opposition to the government's motion. For the reasons explained below, the Board grants the government's motion and dismisses the appeal without prejudice for lack of jurisdiction.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 23 March 2010, the Joint Contracting Command-Iraq/Afghanistan awarded Contract No. W91GDW-10-D-2000 to Al Rafideen Company for the procurement of sand and related materials (R4, tab 1). The contract included Federal Acquisition Regulation (FAR) clause 52.212-4, CONTRACT TERMS AND CONDITIONS – COMMERCIAL ITEMS (MAR 2009) (R4, tab 1 at 48), subparagraph d of which stated that the contract was subject to the CDA and incorporated FAR 52.233-1, DISPUTES.

On 28 July 2011, the contracting officer (CO) issued delivery order (DO) 0013 under the contract for 12,617 cubic meters of sand for $214,489 (R4, tab 5). In September 2011, the CO notified appellant that it had no further need for sand under DO 0013, and subsequently issued two bilateral modifications reducing the delivery order quantities and related funding such that the total funding remaining after the second modification was $69,956.51 (R4, tabs 8, 11, 15). The government asserts that

it made final payment to appellant in that amount on 21 February 2012 (R4, tab 16; gov't br. at 1).

On 23 September 2013, appellant contacted the CO seeking compensation for expenditures allegedly incurred on the contract in 2011 (R4, tab 18). After several exchanges, appellant submitted a document entitled "Claim, Explanation, Invoices" dated 7 October 2013 (R4, tabs 33, 34). The document lacked a signature, certification, or stated total amount (R4, tab 34). The CO was able to calculate the amount demanded to be $146,000 and notified appellant that "[s]ince the claim is for over $100,000 it will have to be certified." She attached FAR provisions showing the required certification language. (R4, tab 35)

In response, appellant initially told the CO to "decrease" the amount claimed to $98,000, but she again asked for a certification and again provided appellant the required certification language (R4, tabs 36, 37). Appellant resubmitted its "Claim, Explanation, Invoices" document, now dated 10 October 2013. This version included a demand for $117,604.64 and stated: "First of all: I certify that the claim is made in good faith." No additional certifying language, nor a signature, were included. (R4, tab 38)

On 20 December 2013, the CO issued a final decision denying appellant's purported claim (R4, tab 58). The contractor found errors in that decision (R4, tabs 59-60) and thus the CO issued a corrected final decision on 30 December 2013 (R4, tab 61). On 11 February 2014, appellant submitted this appeal to the Board.

By letter dated 20 August 2014, the Board *sua sponte* advised appellant that the "purported claim" in the record "d[id] not appear to contain a signature executing the certification," nor did it contain all elements required in a certification, referring appellant to several Board precedents. The Board directed appellant to demonstrate that it submitted a certified claim to the contracting officer and provide a copy of that claim to the Board. Appellant responded on 27 August 2014 by stating that it had already provided the certified claim to the contracting officer. By letter dated 2 September 2014, the Board again directed appellant to provide a copy of the claim and certification. Appellant responded by email that same day asking for clarification on the missing certification assertions. Appellant responded again on 3 September 2014 by asking for a "claim attachment." By letter dated 9 September 2015, the Board directed the parties to provide their views on whether the Board has jurisdiction to adjudicate this appeal. The Board then held a 19 September 2014 teleconference at appellant's request in which it explained its order orally to both parties.

On 8 October 2014, the government filed a motion to dismiss for lack of jurisdiction. Appellant filed no response. On 12 November 2014, after appellant's

deadline for responding, the Board again ordered appellant to submit a response by 28 November 2014. Appellant filed no response.<sup>*</sup>

## DECISION

For contractor claims exceeding $100,000, the CDA requires the contractor to certify that:

> (A) [T]he claim is made in good faith;
> (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;
> (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and
> (D) the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b)(1). This requirement is repeated in FAR 33.207(c) and in the disputes clause incorporated into appellant's contract.

When required, as it was here, a CDA certification is a prerequisite to this Board's jurisdiction. *New Iraq Ahd Co.*, ASBCA No. 58800, 14-1 BCA ¶ 35,479 at 173,953; *Special Operative Grp., LLC*, ASBCA No. 57678, 11-2 BCA ¶ 34,860 at 171,480. A defective certification does not deprive the Board of jurisdiction, 41 U.S.C. § 7103(b)(3); however, the complete absence of a certification where required does deprive the Board of jurisdiction and dictates dismissal. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,817; *Baghdadi Swords Co.*, ASBCA No. 58539, 13 BCA ¶ 35,395 at 173,665. The fact that a contracting officer purported to issue a final decision does not remedy the absence of a certification and has no legal bearing on the Board's jurisdiction. *Abdul Ahad Khadim Constr. Co.*, ASBCA No. 59206, 14-1 BCA ¶ 35,694 at 174,766; *Baghdadi Swords*, 13 BCA ¶ 35,395 at 173,665.

Among its other purposes, the CDA certification is intended to enable the government "to hold a contractor personally liable for fraudulent claims." *Hawaii*

---

<sup>*</sup> Initially after receiving the Rule 4 file, the Board sought to verify that appellant's representative had authority to represent appellant. It issued orders dated 11 April 2014, 6 May 2014, 28 May 2014, 16 July 2014, 8 August 2014 and 13 August 2014, each directing appellant's representative to demonstrate that he met the criteria under Board Rule 26 (now Rule 15) to act as appellant's authorized representative. Appellant did not supply the required information until 16 August 2014.

*CyberSpace*, ASBCA No. 54065, 04-1 BCA ¶ 32,455 at 160,533 (citing *Transamerica Insurance Corp. v. United States*, 973 F.2d 1572, 1580 (Fed. Cir. 1992)). In so doing, the certification "push[es] contractors into being careful and reasonably precise in the submission of claims," *Tecom, Inc. v. United States*, 732 F.2d 935, 937 (Fed. Cir. 1984), and thereby is intended "to discourage the submission of unwarranted contractor claims and to encourage settlements." *Paul E. Lehman, Inc. v. United States*, 673 F.2d 352, 354 (Ct. Cl. 1982).

As we explained in *Hawaii CyberSpace*, 04-1 BCA ¶ 32,455 at 160,535, the absence of a signature on a certification defeats these objectives and renders the certification ineffective. Accordingly, our decisions have established that the altogether lack of a signature on a certification is not a defect that can be cured such that we can exercise jurisdiction. *Tokyo Company*, ASBCA No. 59059, 14-1 BCA ¶ 35,590; *Sygnetics, Inc.*, ASBCA No. 56806, 10-2 BCA ¶ 34,576 at 170,465. The absence of a claim certification deprives this Board of jurisdiction. *Tefirom Insaat Enerji Sanayi ve Ticaret A.S.*, ASBCA No. 56667, 11-1 BCA ¶ 34,628; *Dick Pacific/GHEMM, JV*, ASBCA No. 55829, 08-2 BCA ¶ 33,937 at 167,943.

Here, appellant's purported claim lacks a signed certification and thus the Board lacks jurisdiction over this appeal.

Appellant, as the proponent of the Board's jurisdiction, bears the burden of establishing jurisdiction by a preponderance of the evidence. *Hanley Indus., Inc.*, ASBCA No. 58198, 14-1 BCA ¶ 35,500 at 174,015. Appellant submitted no opposition to the government's motion to dismiss and thus provided no basis for the Board to deny the motion.

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is granted. This appeal is dismissed without prejudice.

Dated: 7 May 2015

ELIZABETH W. NEWSOM
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59156, Appeal of Al Rafideen Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5